IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ANDREW ABRAHAM**,
on behalf of himself, and for all others
similarly situated,

        Plaintiff,

        v.

**CORIZON HEALTH, INC.**,
*f/k/a* Prison Health Services, Inc.,

        Defendant.

Case No. 3:16-cv-01877-JR

OPINION AND ORDER

**MOSMAN, J.**,

On October 18, 2019, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R") [ECF 76], recommending that Plaintiff's Motion for Leave to File Amended Complaint [ECF 68] and Motion to Certify Question to Oregon Supreme Court [ECF 69] be denied. Plaintiff objected [ECF 78]. Defendant responded. [ECF 79].

**LEGAL STANDARD**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of

1 – OPINION AND ORDER

the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

This case comes to me on remand from the Ninth Circuit Court of Appeals. *Abraham v. Corizon Health, Inc.*, 775 Fed. Appx. 301, 303 (9th Cir. 2019). In the first instance, Mr. Abraham brought claims under the federal Americans with Disabilities Act, the federal Rehabilitation Act, and Or. Rev. Stat. § 659A.142, which is the Oregon public accommodations statute. Compl. [ECF 1]. Mr. Abraham then filed a Motion for Leave to File Amended Complaint [ECF 30] in order to request compensatory damages, in light of Judge Papak's early ruling that Mr. Abraham lacked standing to seek injunctive relief under § 659A.142. [ECF 16] at 9-10. Magistrate Judge Paul Papak recommended that motion to amend be denied on the grounds that any claim pursuant to that statute would be futile because both the statute and its legislative history show that a private entity like Corizon is not a "place of public accommodation." Papak F&R [ECF 42] at 7-8. I adopted the Papak F&R and denied Mr. Abraham's motion to amend his complaint. O&O [ECF 50].

On appeal, the Ninth Circuit wrote the following with respect to my denial of Plaintiff's motion to amend:

> Abraham argues that the district court erred in denying his motion to amend his Oregon Revised Statute § 659A.142 claim as futile because, contrary to the court's conclusion, Corizon is a "place of public accommodation," as defined by § 659A.400. Oregon courts have yet to address whether a private contractor like Corizon constitutes a "place of public accommodation." It also appears that the district court did not consider whether there existed independent or supplemental

1 – OPINION AND ORDER

jurisdiction over Abraham's § 659A.142 claim when it granted a summary judgment to Corizon on Abraham's final federal claim. We therefore vacate the district court's order denying Abraham's motion to amend as futile and remand for the court to consider its jurisdiction over Abraham's § 659A.142 claim in the first instance. *See Brigham v. Eugene Water & Elec. Bd.*, 357 F.3d 931, 942 n.19 (9th Cir. 2004) ("[W]e also remand the employees' state-law claims to the district court for reconsideration—including whether the exercise of supplemental jurisdiction over such claims is appropriate in the first instance given the paucity of state law authority on the precise topic at issue in this litigation." (citing 28 U.S.C. § 1367(c))).

*Abraham*, 775 Fed. Appx. at 303.

The only explicit instruction in this passage directs me to "consider [my] jurisdiction over Abraham's § 659A.142 claim in the first instance." *Id.* Judge Russo issued an order finding that the court had diversity jurisdiction. [ECF 64]. That order resolved the primary—and, arguably, only—issue on vacatur. No party has objected to Judge Russo's order, and I ADOPT her jurisdictional finding as my own.

The second possible issue on remand is futility. The Ninth Circuit noted that "Oregon courts have yet to address whether a private contractor like Corizon constitutes a 'place of public accommodation.'" *Abraham*, 775 Fed. Appx. at 303. It is not clear from the context whether this statement informs the jurisdictional question or the futility inquiry. There is an argument for both readings. Whether Oregon courts have resolved the issue could be relevant to whether this court has supplemental jurisdiction over the claim. 28 U.S.C. § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the claim raises a novel or complex issue of State law."). Indeed, the *Abraham* court cited to *Brigham v. Eugene Water & Electric Board* with the apparent intent of making this point. 357 F.3d 931, 942 n. 19 (9th Cir. 2004). Read this way, the court's statement about the Oregon courts having not resolved the public-accommodation issue could be read as providing grounds for this court to decline

exercising supplemental jurisdiction.[1] This reading would render the point moot, as this court is sitting in diversity on this claim.

The second reading of the *Abraham* court's statement would tie it to the substantive issue of futility and whether a private entity such as Corizon could be a place of public accommodation for purposes of Oregon state law. It is not clear from the *Abraham* opinion that this was an issue for this court to reconsider on remand, as the only direction to this court was to consider its jurisdiction of the claim. However, the phrasing of the Ninth Circuit's analysis on this issue suggests that it may be implying that the claim cannot be futile unless state law provides a definitive answer. Assuming I was meant to reconsider the futility question on remand, I concur with Judge Papak's and Judge Russo's reasoning. This court is as equipped to interpret § 659A.142 as is the Oregon Supreme Court. This is especially so because this court is sitting in diversity, and in that posture, it resolves difficult questions of state law on a frequent basis. I therefore ADOPT Judge Russo's F&R and hold that any complaint brought under § 659A.142 would be futile because Corizon is not a place of public accommodation.

Finally, in an abundance of caution, Judge Russo has carefully considered the question of certification to the Oregon Supreme Court. While nothing in the Ninth Circuit's order of remand required that analysis, I agree with her that such a suggestion may be found in the penumbra of the opinion. I also agree with her analysis of certification and adopt it.

//

//

---

[1] While this reading squares with the Ninth Circuit's case citations, it is an odd one in context of the vacatur. It is somewhat counterintuitive for the Ninth Circuit to vacate the denial of a motion in order for the district court to deny the motion on jurisdictional grounds rather than substantive ones, particularly if there was no flaw in the district court's reasoning on the substantive issue.

1 – OPINION AND ORDER

## CONCLUSION

Upon review, I agree with Judge Russo's recommendation and I ADOPT the F&R [76] in full. I DENY Plaintiff's Motion for Leave to File Amended Complaint [68] and Motion to Certify Question to Oregon Supreme Court [69]. This case is dismissed without prejudice.

IT IS SO ORDERED.

DATED this 5th day of December, 2019.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Chief United States District Judge

1 – OPINION AND ORDER